JUSTICE RICE,
concurring.
¶57 I concur with the Court’s decision to reverse and remand for further proceedings. I would add the observation that the Court has not ordered that all of the contested life insurance proceeds must *401 necessarily be placed in trust for RBV. Rather, on remand, the District Court will need to design equitable relief based upon all of the circumstances of the affected parties. These factors could include the funds currently held for RBVs benefit; the reasonable future needs of RBV; the fact that, by agreement, Saraya’s creditor’s claim would be paid from the proceeds of the constructive trust; Valerie’s financial situation, including any indebtedness she incurred or other disadvantage she assumed by virtue of receiving the insurance proceeds, and the costs of the disgorgement process; any claim asserted by Volk Sand & Gravel as co-beneficiary under Policy 936 as a result of our decision setting aside Roy’s final changes of beneficiary designations; and any other factor that the District Court would deem appropriate to consider in working an equitable result in this matter.
JUSTICE BAKER joins in the concurring Opinion of JUSTICE RICE.